NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1381

L.H.

vs.

DEPARTMENT OF CHILDREN AND FAMILIES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, L.H., appeals from a Superior Court judgment on the pleadings on her complaint for judicial review of an administrative decision of the Department of Children and Families (department).  We affirm.

Following an investigation, the department supported a report filed under G. L. c. 51A, removed three foster children from the plaintiff's home, and revoked the plaintiff's foster care license.  A hearing officer affirmed the decisions of the department.  The plaintiff sought judicial review of the hearing officer's decision in the Superior Court.  See G. L. c. 30A, § 14 (1).  Appealing from an adverse judgment, the plaintiff challenges only the revocation of her license and contends that

the hearing officer's findings were not supported by substantial evidence, see Cobble v. Commissioner of Dep't of Social Servs., 430 Mass. 385, 390 (1999), and that "complete revocation of her foster care license is too harsh of a remedy."

Contrary to the plaintiff's claims, she has not met her heavy burden of demonstrating that the department's decision is unsupported by substantial evidence or that the remedy is unlawful. See O'Malley v. Contributory Ret. Appeal Bd., 104 Mass. App. Ct. 778, 780 (2024). The administrative record included the following evidence credited by the hearing officer: the plaintiff cared for three female foster children (ages fourteen, thirteen, and seven); the plaintiff failed to notify the department that her adult son (age thirty-five) frequently visited the home; and while in the plaintiff's home the son rubbed his hand on the thirteen year old's face and stomach, told her she was beautiful, and tried to kiss her. After reviewing all the evidence and making credibility findings, the department concluded that the plaintiff failed to inform the department of "adults visiting the home so the agency could properly ensure the safety of the children" and "failed to provide minimally adequate supervision to the child." Giving "great deference" to the department's determination of whether particular circumstances constitute minimally adequate supervision, Lindsay v. Dep't of Social Servs., 439 Mass. 789,

2

799 (2003), we conclude that the evidence constituted reasonable cause to support the department's decision and remedy.  See, e.g., 110 Code Mass. Regs. § 7.113B (2009) (revocation of foster care license).

We disagree with the plaintiff's contention that she was just an unwitting bystander to the events that transpired. There was evidence at the fair hearing supporting the plaintiff's argument that she had "zero reason" to believe that the foster children faced any risk from her son, whom she trusted completely and allowed to supervise the children during brief periods when she rested nearby in another room.  Without recounting all of the details, we note that the hearing officer carefully considered this evidence and the plaintiff's arguments and declined to credit the testimony of the plaintiff and her son in key respects.  We defer to these credibility determinations.  See Andrews v. Civ. Serv. Comm'n, 446 Mass. 611, 616 (2006).

Judgment affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[1]),

Clerk

Entered:  July 20, 2026.

---

[1] The panelists are listed in order of seniority.